IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUFUS A. PARTLOW, JR. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 02-CV-3188 |
| | : | |
| AMERICAN RED CROSS, PENN-JERSEY REGION, | : | |
| | : | |
| Defendant. | : | |

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT AMERICAN RED CROSS BLOOD SERVICES, PENN-JERSEY REGION TO PLAINTIFF'S COMPLAINT

Defendant American Red Cross Blood Services, Penn-Jersey Region (the "American Red Cross"), by its undersigned attorneys, for its answer and affirmative defenses to plaintiff's complaint:

1. States that after reasonable investigation, it lacks knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 1 and therefore denies them, except admits that plaintiff is a male individual.

2. Denies the averments in paragraph 2 as conclusions of law to which no response is required. To the extent that paragraph 2 contains averments of fact, the American Red Cross denies them, except states that the American Red Cross is a charitable not-for-profit organization chartered by Congress with offices at 700 Spring Garden Street, Philadelphia, PA 19123-3594.

3. States that after reasonable investigation, it lacks knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 3 and therefore denies them, except admits that it received a charge that was investigated by the

Philadelphia Commission on Human Relations and then dismissed with a finding of not substantiated.

      4.      States that after reasonable investigation, it lacks knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 4 and therefore denies them.

      5.      States that after reasonable investigation, it lacks knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 5 and therefore denies them, except states that it received a notice dated March 6, 2002 stating that the Equal Employment Opportunity Commission had dismissed plaintiff's charge of discrimination and issued a Notice of Right to Sue.

      6.      Denies the averments of paragraph 6 as conclusions of law to which no response is required, and to the extent the averments are factual, denies them.

      7.      Denies the averments of paragraph 7 as conclusions of law to which no response is required.

      8.      Admits the averments of paragraph 8.

      9.      Denies the averments of paragraph 9 as conclusions of law to which no response is required.

      10.      Denies that plaintiff sustained a work injury to his shoulder, neck, back and knee on November 26, 1998, except admits that plaintiff claimed that he sustained a work injury on November 26, 1998.

      11.      Denies the averments in paragraph 11.

12. Denies that the American Red Cross has a company physician who directed plaintiff to work in a light duty capacity on December 10, 1998. Admits that following the alleged November 26, 1998 injury plaintiff worked in a light duty capacity.

13. Denies the averments in paragraph 13, except admits that following the alleged November 26, 1998 injury, plaintiff was subject to certain medical restrictions and worked in a light duty capacity.

14. Denies the averments in paragraph 14.

15. Denies the averments in paragraph 15.

16. Denies as stated the averments in paragraph 16. By way of further answer, the American Red Cross states that on March 9, 1999, plaintiff was cleared to return to full duty but was referred to his personal physician for medical management of his non-work related hypertension.

17. Denies the averments in paragraph 17. By way of further answer, the American Red Cross states that plaintiff informed Mr. Davis that he had been released to full duty work and he was going to see his personal physician.

18. Denies the averments in paragraph 18. By way of further answer, the American Red Cross states that plaintiff was terminated effective March 10, 1999 for violation of a last chance probationary agreement; the applicable collective bargaining agreements; applicable work rules governing an employee's duty to inform the employer he is unable to report to work; and his unacceptable actions and attendance during his last chance probation.

19. Denies the averments in paragraph 19.

20. Admits the averments in paragraph 20.

3

## COUNT I – AMERICANS WITH DISABILITIES ACT

21. The American Red Cross incorporates by reference its responses to paragraphs 1 through 20 above as if fully set forth herein.

22. Denies the averments of paragraph 22 as conclusions of law to which no response is required. By way of further answer, the American Red Cross states that it did not violate the Americans with Disabilities Act.

23. Denies the averments of paragraph 23 as conclusions of law to which no response is required. By way of further answer, the American Red Cross denies that plaintiff suffered any injuries, damages or losses as a result of its conduct.

## FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

On August 10, 2000, plaintiff filed an action in the Philadelphia Court of Common Pleas asserting the same claim of disability discrimination that he asserts in this action, except that he asserted violations of the Pennsylvania Human Relations Act and the Philadelphia Fair Practices Ordinance. See, Partlow v. American Red Cross, Penn-Jersey Region, August Term, 2000; No. 000629.

On January 28, 2002, the Court of Common Pleas entered summary judgment in favor of the American Red Cross on the basis that, among other grounds, plaintiff did not have a disability and his condition was job-related as, by his own admission, he was unable to perform the essential duties of his job.

Plaintiff has appealed the state court ruling and an appeal currently is pending in the Superior Court of Pennsylvania.

Plaintiff's claims in this action are barred by the doctrines of a collateral estoppel and res judicata.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel, laches and waiver.

### FOURTH AFFIRMATIVE DEFENSE

The actions of the American Red Cross concerning plaintiff were justified and proper.

### FIFTH AFFIRMATIVE DEFENSE

The American Red Cross did not violate any duty to or right of plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not an individual with a disability within the meaning of the Americans with Disabilities Act.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a jury trial against the American Red Cross under the doctrine of sovereign immunity.

### EIGHTH AFFIRMATIVE DEFENSE

Any injury, damage or loss suffered by plaintiff, the existence of which is denied, was caused in whole or in part by plaintiff's own acts, omissions or conduct.

### NINTH AFFIRMATIVE DEFENSE

Any injury, damage or loss suffered by plaintiff, the existence of which is denied, was caused by persons other than the American Red Cross and outside the American Red Cross's control and for whom the American Red Cross was not responsible.

5

### TENTH AFFIRMATIVE DEFENSE

If plaintiff was a qualified individual with a disability, which the American Red Cross denies, he could not perform the essential functions of his job with or without reasonable accommodations.

### ELEVENTH AFFIRMATIVE DEFENSE

At all material times, the American Red Cross provided plaintiff with reasonable accommodations.

### TWELFTH AFFIRMATIVE DEFENSE

The American Red Cross at all times acted in good faith towards plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to comply with his obligation to mitigate his damages, if any.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's discharge from employment was not based on any disability or perceived disability.

### FIFTEENTH AFFIRMATIVE DEFENSE

The complaint fails to state a claim for compensatory or punitive damages and plaintiff cannot recover punitive damages against the American Red Cross

WHEREFORE, the American Red Cross demands judgment in its favor and against plaintiff and an award of the costs and disbursements in this action, including reasonable attorneys' fees and such other relief as the Court may deem just and proper.

Dated: August 2, 2002

_____
Richard L. Strouse, Esquire
Attorney for Defendant American Red Cross
Blood Services, Penn-Jersey Region

OF COUNSEL:

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
(215) 665-8500

## CERTIFICATE OF SERVICE

I, Richard L. Strouse, Esquire, hereby certify that on this date I have served a true and correct copy of the foregoing Answer and Affirmative Defenses of Defendant American Red Cross Blood Services, Penn-Jersey Region to Plaintiff's Complaint via first class mail, postage prepaid, to plaintiff's counsel addressed as follows:

>George D. Walker, Jr., Esquire
>Larry Pitt & Associates, P.C.
>1918 Pine Street
>Philadelphia, PA  19103

Date:   August 2, 2002

Richard L. Strouse